IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAM BRUCE AND ELIZABETH MARIE BRUCE,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDGE WILLIAM A. PRICE, JOHN P. SARCONE, KEVIN T. BROWELL, PAUL WHITE, KEVIN BELL, STEPHANIE BROWN, KATHERINE S. MILLER-TODD, TOM MILLER, RANDY OSBOURNE, TONY REED, and STATE OF IOWA<br><br>Defendants. | 4:15-cv-00287-RP<br><br><br>**ORDER DISMISSING CASE** |

    This matter is before the Court for initial review of a pro se complaint submitted by Christopher Bruce and Elizabeth Bruce.  Plaintiffs allege the Defendants unlawfully removed their daughter from their custody, committed numerous crimes, had them arrested on false charges, and unlawfully terminated their parental rights.   They state that they have been exonerated of all charges and that the "Supreme Court will not address the appeal in a timely manner."

    The petition is captioned as a "Criminal Complaint" [ECF No.1] and asks that criminal charges be filed against the Defendants.  The Plaintiffs also seek a writ of habeas corpus directing release of their daughter from foster care and into their custody.  Plaintiffs contend that an appeal of the termination of their parental rights has been pending for "over six months...to the Iowa Supreme Court."

    This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in each case.  See <u>Sanders v. Clemco Indus.</u>, 823 F.2d 214, 216 (8th Cir. 1987); *see also* <u>Reece v. Bank of N.Y. Mellon</u>, 760 F.3d 771, 777 (8th Cir. 2014) (Courts still required "to be attentive to a satisfaction of jurisdictional requirements in all cases").  Whenever

it appears that the court lacks jurisdiction of the subject matter, "the court must dismiss the action." Fed R. Civ. P. 12(h)(3). "Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." Sac & Fox Tribe of the Miss. v. BIA, 439 F.3d 832, 836 (8th Cir. 2006) (citing Arbaugh v. Y&H Corp., 546 U.S. 500 (2006)).

This case must be dismissed for three reasons. First, Plaintiffs do not have standing to seek criminal charges against the Defendants. See, Anguiano v. Dallas County Under Sheriff et al, 590 Fed.App'x 652 (8th Cir. 2015)(as a private citizen, plaintiff lacked standing to seek criminal charges against the defendants); Parkhurst v. Tabor, 569 F.3d 861, 867 (8th Cir. 2009)(same). The request that this court file criminal charges against the Defendants therefore is denied, and that claim is dismissed.

Second, Plaintiffs seek an order directing release of their daughter ("T.B.") from "foster care." They also state that their daughter is in the physical custody of her father. They state that the Iowa Supreme Court is currently considering their case. It is unlikely, therefore, that the current challenge meets the criteria for filing a petition pursuant to 28 U.S.C. § 2254. *See generally*, Amerson v. Iowa Dept. of Human Services, 59 F.3d 92, 94 (8th Cir. 1995)(federal habeas action cannot be used where the real basis of the claim is a parent's attempt to re-litigate parental rights and custody.). T.B. appears to be living with her father and therefore cannot be considered "in custody" for purposes of a habeas petition. Id. "Iowa has a great interest in the finality of its determinations related to the type of care and custody that is appropriate for [children], and direct appellate review of the...custody process provides [children] an adequate means for asserting [their] basic federal rights." Id. at 95. "This case involves essentially a family matter, a question of the best interests of children, and the message of the Supreme Court in Lehman and of this Court in Amerson is that federal habeas is, in general, not available in such

situations." U.S. ex rel Mueller for and on behalf of Mueller v. Missouri Div. of Family Services, 123 F.3d 1021, 1024(8th Cir. 1997).

Finally, even if the Plaintiffs could meet the requirements for filing a habeas petition, they must first exhaust the claims in state court. See 28 U.S.C. § 2254(b), (c) (before petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims in the appropriate state forum giving the state courts an opportunity to decide the merits of the constitutional issues raised). It is "well established that under the principles of comity, 'a [petitioner's]federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.'" Kennedy v. Delo, 959 F.2d 112, 115 (8th Cir. 1992), cert. denied, 506 U.S. 857(1992) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). Exhaustion requires petitioners to "'give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process.'" Dixon v. Dormire, 268 F.3d 774, 777 (8th Cir. 2001)(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

Plaintiffs concede that state remedies have not been exhausted, and for that additional reason the request for habeas relief is denied.

For all these reasons, all claims are denied. The complaint is **dismissed**.

IT IS SO ORDERED.

Dated this ___1st___ day of September, 2015.

*Robert W. Pratt*
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT